**LAW OFFICE OF GREGORY PEACOCK**
Gregory Peacock, ESQ. (SBN. 277669)
4425 Jamboree Road, Suite 130
Newport Beach, CA 92660
Telephone: (949) 292-7478
Email: gregorypeacockesq@gmail.com

Attorney for Plaintiff Colin Whalen and Traci Bliss

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLIN WHALEN and TRACI BLISS,<br><br>    Plaintiff,<br><br>    vs.<br><br>COUNTY OF SAN BERNARDINO;<br>CODY DARE; JOHNNIE MAMON;<br>JOHN GREGORY; MICHAEL<br>BATTISTI; and DOES 1 through 10,<br>inclusive,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. Excessive / Unreasonable Force (U.S. Const. Amend. 4);<br>2. False Arrest (U.S. Const. Amend. 4);<br>3. Unlawful Search And Seizure Of Private Residence (U.S. Const. Amend. 4);<br>4. Violation Of Freedom Of Speech (U.S. Const. Amend. 1);<br>5. Malicious Prosecution (U.S. Const. Amend. 4 & 14);<br>6. Deliberate Fabrication Of Evidence (U.S. Const. Amend. 14);<br>7. Municipal Liability (*Monell* Liability) For Failure To Train And/Or Discipline Deputies And Officers (U.S. Const. Amends. 1, 4 & 14);<br>8. Municipal Liability (*Monell* Liability) For Custom / Practice / Policy (U.S. Const. Amends. 1 & 4);<br><br><br>**JURY TRIAL DEMANDED** |

**COME NOW** Plaintiffs Collin Whalen and Traci Bliss and shows this honorable court the following:

## JURISDICTIONAL ALLEGATIONS

1.     As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2.     As the incidents complained of in this action occurred in the County of San Bernardino, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

## GENERAL ALLEGATIONS

3.     Plaintiff Colin Whalen, hereinafter referred to as "WHALEN" or "Plaintiff WHALEN", is a natural person, who, at all times complained of in this action, resided in the County of San Bernardino, State of California.

4.     Plaintiff Traci Bliss, hereinafter referred to as "BLISS" or "Plaintiff BLISS", is a natural person, who, at all times complained of in this action, resided in the County of San Bernardino, State of California.

5.      Defendant County of San Bernardino, hereinafter also referred to as "COUNTY", is a municipal entity located in the State of California; within the territorial jurisdiction of this court.

6.     Defendant CODY DARE, hereinafter also referred to as "DARE", is,

COMPLAINT FOR DAMAGES

2

and at all times complained of herein, was, a peace officer and Deputy Sheriff employed by the Orange County Sheriff's Department, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with defendant COUNTY.

7.   Defendant Johnnie Mamon, hereinafter also referred to as "MAMON", is, and at all times complained of herein, was, a peace officer and Deputy Sheriff employed by the Orange County Sheriff's Department, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with defendant COUNTY.

8.   Defendant John Gregory, hereinafter also referred to as "GREGORY", is, and at all times complained of herein, was, a peace officer and Deputy Sheriff employed by the Orange County Sheriff's Department, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with defendant COUNTY.

9.   Defendant Michael Battisti, hereinafter also referred to as "BATTISTI", is, and at all times complained of herein, was, a peace officer and Deputy Sheriff employed by the Orange County Sheriff's Department, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with defendant COUNTY.

10.  Defendants DOES 1 through 6, inclusive, are sworn peace officers and /

COMPLAINT FOR DAMAGES

or police officers and/or investigators and/or Special Officers and/or a dispatchers and/or some other public officer, public official or employee of defendant COUNTY and/or otherwise employed by the San Bernardino County Sheriff's Department, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiff for the acts complained of in this action, whose identities are, and remain unknown to plaintiff, who will amend her complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

11.  At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or Special Officers and/or deputy sheriffs and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by the San Bernardino Sheriff's Department, and were acting in the course of and within the scope of their employment with defendant COUNTY.

12.  Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or the Chief and/or Assistant Chiefs and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by San Bernardino County Sheriff's Department and/or defendant COUNTY, who are in some

substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiff in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the San Bernardino County Sheriff's Department for, *inter alia*,: 1) for unlawfully seizing persons; 2) for using excessive force on persons; 3) retaliating against persons for exercising constitutionally protected conduct; 4) fabricating evidence; 5) unlawfully entering and searching residential homes; 6) retaliating against persons for exercising free speech; and 7) covering up tortious conduct by San Bernardino County Sheriff's Department peace officers.

13.     At all times complained of herein, DOES 7 through 10, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as the Sheriff and/or the Assistant Sheriff and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials with the San Bernardino County Sheriff's Department, and/or some other public official(s) with defendant COUNTY, and were acting in the course of and within the scope of their employment with defendant COUNTY.

COMPLAINT FOR DAMAGES

14.     At all times complained of herein, defendants DOES 7 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace officers, with the San Bernardino County Sheriff's Department and/or otherwise with defendant COUNTY[1].

15.     Plaintiffs are presently unaware of the identities of DOES 1 through 10, inclusive, and will amend their complaint to add and to show the actual names of said DOE defendants, when made known to plaintiffs.

16.     In addition to the above and foregoing, Defendants DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiff of their federal Constitutional and statutory rights, and California constitutional and statutory state law rights, as complained of in this action.

17.     Defendants DOES 1 through 6, inclusive, acted in joint and concerted action to so deprive the plaintiffs of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States

---

[1] Such as a COUNTY executive officer.

COMPLAINT FOR DAMAGES

(Constitutional and statutory) law and California (Constitutional and statutory) state law.

18.     Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiff's federal and state constitutional and statutory rights, as complained of herein.

**FIRST CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of Fourth Amendment Rights -**
**Excessive/Unreasonable Use of Force on Person**
**(By WHALEN, Against GREGORY, DARE and DOES 1 through 6, inclusive)**

19.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 18 inclusive, above, as if set forth in full herein.

20.     On October 16, 2019, Defendants GREGORY, DARE, and DOES 1 through 6, inclusive, went to the home of Plaintiffs WHALEN and BLISS, near Barstow, California.

21.     Defendants GREGORY, DARE and DOES 1 through 6, inclusive, did not have a search warrant or an arrest warrant.

22.     WHALEN saw the deputies approach his home and went outside to ask what was going on.

23.     GREGORY, DARE and DOES 1 through 6, inclusive, asked WHALEN if he was "Colin Whalen."

24.     WHALEN chose not to answer the deputies' question.

25.     GREGORY, DARE and DOES 1 through 6, inclusive, became upset that WHALEN would not answer their question and walked up to WHALEN and asked if they could search him.

26.     WHALEN told GREGORY, DARE and DOES 1 through 6, inclusive, that he did not consent to them searching him.

27.     GREGORY, DARE and DOES 1 through 6, inclusive, then became even more upset and grabbed on to WHALEN and began searching him.

28.     WHALEN told GREGORY, DARE and DOES 1 through 6, inclusive, that they cannot search him.

29.     DARE then got behind WHALEN and placed him in a carotid hold.

30.     GREGORY, DARE and DOES 1 through 6, inclusive, then threw WHALEN to the ground.

31.     GREGORY, DARE and DOES 1 through 6, inclusive, both then began punching WHALEN while he was on the ground.

32.     DARE then pulled out his taser and tasered WHALEN in drive stun mode.

33.     DARE then stomped WHALEN in the face.

34.     GREGORY, DARE and DOES 1 through 6, inclusive, then handcuffed WHALEN and took him to the hospital where he received treatment for serious injuries he received as a result of the brutal beating a tasering by defendants GREGORY, DARE and DOES 1 through 6, inclusive.

COMPLAINT FOR DAMAGES

35.     From the hospital, WHALEN was booked in jail where he spent approximately two days before posting a $50,000 bail.

36.     Immediately after WHALEN was arrested, Defendants BATTISTI, MAMON and DOES 1 through 6, inclusive, approached BLISS who was still at her home.

37.     Defendants BATTISTI, MAMON and DOES 1 through 6, inclusive, asked BLISS if they could search her home. BLISS told defendants that they could not search her home.

38.     Defendants BATTISTI, MAMON and DOES 1 through 6, inclusive, then told BLISS that if she did not consent, she would be arrested and her dog would be taken to the pound.

39.     In response to Defendants BATTISTI's, MAMON's and DOES 1 through 6, inclusive, threat, BLISS consented to the deputies searching her home.

40.     Defendants BATTISTI, MAMON and DOES 1 through 6, inclusive, then entered and searched Plaintiffs' home.

41.     Defendants BATTISTI, MAMON and DOES 1 through 6, inclusive, left Plaintiffs' home in a mess and destroyed Plaintiffs' property.

42.     GREGORY, DARE and DOES 1 through 6, inclusive, then intentionally authored bogus reports which included material misrepresentations to induce the San Bernardino County District Attorney's Office into prosecuting WHALEN.

COMPLAINT FOR DAMAGES

43.     GREGORY, DARE and DOES 1 through 6, inclusive, fabricated the narrative portions of their reports by stating that WHALEN tried to fight with the deputies and was resisting arrest. WHALEN did none of these things.

44.     In reliance upon the bogus reports authored by GREGORY and DARE, the San Bernardino County Sheriff's Department prosecuted WHALEN for an alleged violation of Penal Code sec. 69 (resisting an executive officer with threats or violence.)

45.     The underlying criminal action against WHALEN was dismissed in a manner inconsistent with guilt. The district attorney's office made a motion to dismiss the case in the interest of justice and the Superior Court granted the motion to dismiss.

46.     The actions of Defendants GREGORY, DARE and DOES 1 through 6, inclusive, as complained above herein, constituted a violation of WHALEN's rights under the Fourth Amendment to the United States Constitution to be free from the use of unlawful and unreasonable and excessive force upon his person.

47.      As a direct and proximate result of the actions of Defendants GREGORY, DARE and DOES 1 through 6, inclusive, WHALEN was: 1) substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses, 3) incurred lost wages and profits, and 4) suffered terrible physical injury, pain and suffering, as well as mental and emotional pain and suffering, and 5) suffered / is suffering lost wages and profits;

COMPLAINT FOR DAMAGES

all in an amount to be proven at trial; in excess of $3,000,000.00.

48.    The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, save COUNTY, in an amount to be proven at trial, in excess of $2,000,000.00.

### SECOND CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
**Violation of Fourth Amendment Rights –**
**Unlawful / Unreasonable Seizure of Person**
**(By WHALEN, Against GREGORY, DARE and DOES 1 through 6, inclusive)**

49.    Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 48, inclusive, above, as if set forth in full herein.

50.    As complained of herein above, none of the defendants to this action had a warrant for WHALEN's arrest, nor probable cause to believe that WHALEN had committed a crime, nor reasonable suspicion that WHALEN was a danger to anyone or anything, nor even a reasonable suspicion of criminality afoot by WHALEN.

51.    Accordingly, the seizure of WHALEN by Defendants GREGORY, DARE and DOES 1 through 6, inclusive, by the use of unreasonable force, constituted an unlawful and unreasonable seizure of WHALEN, in violation of his right to be free from unreasonable force under the Fourth Amendment to the United States Constitution.

52.     As a direct and proximate result of the actions of defendants GREGORY, DARE and DOES 1 through 6, inclusive, as complained of herein, WHALEN: 1) was substantially physically, mentally and emotionally injured; 2) suffered great mental and emotional pain, suffering and distress, 4) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $3,000,000.00.

53.     The actions of said Defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of WHALEN's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save for Defendant COUNTY, in an amount to be proven at trial which is in excess of $2,000,000.00.

### THIRD CAUSE OF ACTION
**[VIOLATION OF 42 U.S.C. § 1983]**
**Violation Of Fourth Amendment Rights**
**Unreasonable / Unlawful Entry Into and Search and**
**Seizure of Private Residence**
**(By WHALEN and BLISS, Against Defendants BATTISTI, MAMON and DOES 1 through 6, inclusive)**

54.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 53, inclusive, above, as if set forth in full herein.

55.     As shown above, defendants BATTISTI, MAMON and DOES 1 to 6, inclusive, entered the plaintiffs' home without a warrant, lawful-consent, an emergency or any other legal justification.

COMPLAINT FOR DAMAGES

56.     The actions of defendants BATTISTI, MAMON and DOES 1 to 6, inclusive, complained of in this action in entering, searching and seizing plaintiffs' home, and destruction of Plaintiffs' property, constituted an unlawful and unreasonable entry into and seizure of the residence in the absence of a warrant, consent, or an emergency, in violation of the plaintiffs' rights to be free from such entry, search and seizure of plaintiffs' home / property under the Fourth Amendment to the United States Constitution.

57.     As a direct and proximate result of the actions of Defendants BATTISTI, MAMON and DOES 1 to 6, inclusive, plaintiffs were: 1) substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses, 3) incurred lost wages and profits, and 4) suffered terrible physical injury, pain and suffering, as well as mental and emotional pain and suffering, and 5) suffered / is suffering lost wages and profits; all in an amount to be proven at trial; in excess of $3,000,000.00.

58.     The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $2,000,000.00 for each defendant, save COUNTY.

/ / /

COMPLAINT FOR DAMAGES
13

## FOURTH CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983
### Violation of Fourteenth Amendment Rights -
### Deliberate Fabrication of Evidence
### (By WHALEN, Against GREGORY, DARE and DOES 1 through 6, inclusive)

59.     Plaintiffs hereby reallege and incorporates by reference the Allegations set forth in paragraphs 1 through 58, inclusive, above, as if set forth in full herein.

60.     GREGORY, DARE and DOES 1 through 6, inclusive, deliberately fabricated evidence that was used to criminally charge and prosecute WHALEN.

61.     GREGORY, DARE and DOES 1 through 6, inclusive's reports of the incident complained of in this action are littered with material misrepresentations.

62.     The reports were ultimately submitted to the San Bernardino County District Attorney's Office and relied upon during the prosecution of WHALEN.

63.     Defendants knew that they were misrepresenting the facts of this incident and were deliberately indifferent to the fact that their misrepresentations were relied upon during the prosecution of WHALEN.

64.      The actions of GREGORY, DARE and DOES 1 through 6, inclusive, as Complained of herein, constituted a violation of WHALEN's rights under the Fourteenth Amendment to the United States Constitution.

65.      As a direct and proximate result of the actions of Defendants

COMPLAINT FOR DAMAGES
14

GREGORY, DARE and DOES 1 through 6, inclusive, inclusive, as complained of herein, WHALEN: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $3,000,000.00.

66.     The actions of said Defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of WHALEN's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save for Defendant COUNTY, in an amount to be proven at trial which is in excess of $2,000,000.00.

## FIFTH CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983
### Violation of First Amendment Rights - Freedom of Speech
### (By WHALEN and BLISS, Against Defendants BATTISTI, MAMON, GREGORY, DARE and DOES 1 through 6, inclusive)

67.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 66, inclusive, above, as if set forth in full herein.

68.     Moreover, the conduct of Defendants BATTISTI, MAMON, and DOES 1 through 6, inclusive., violated WHALAN's and BLISS' right to freedom of speech, specifically when GREGORY, DARE, and DOES 1 through 6, inclusive, retaliated against WHALEN for refusing to consent to a search of his person and verbally protesting the deputies searching his person.  Additionally, when BATTISTI, MAMON and DOES 1 through 6, inclusive, threatened BLISS

COMPLAINT FOR DAMAGES

with arrest and seizure of her dog if she did not exercise her right to refuse to consent to the search of her home.

69.     Moreover, GREGORY, DARE and DOES 1 through 6, inclusive, attempted to prevent WHALEN from seeking a remedy for the wrongdoings of defendants, when they knowingly provided false information to the district attorney's office in order to obtain a conviction from WHALEN which could bar him from suing GREGORY, DARE, BATTISTI, MAMON and DOES 1 through 6, inclusive.

70.     A substantial or motivating factor in the decisions of the various defendants to take the adverse actions against plaintiffs as complained of above and below, was Plaintiffs' exercise of their right to freedom of speech under the First Amendment to the United States Constitution.

71.     Moreover, said defendants would not have taken said adverse actions against plaintiffs, had plaintiffs not exercised their right to freedom of speech under the First Amendment to the United States Constitution.

72.     The conduct of GREGORY, DARE, BATTISTI, MAMON and DOES 1 through 6, inclusive, would chill a person of ordinary firmness from continuing to engage in constitutionally protected activity.

73.     As a direct and proximate result of said adverse actions taken against said plaintiffs by said defendants as described above, plaintiffs suffered serious bodily injury, severe mental and emotional distress, medical and psychological

costs and expenses, lost wages / profits, attorney's fees and other special damages; all in an amount to be proven at trial, in excess of $3,000,000.00.

74.     The actions of defendants and each of them, as complained of herein, were done maliciously and in reckless disregard of plaintiff's constitutional rights sufficient for an award of punitive / exemplary damages against said defendants, save defendant COUNTY, in an amount to be proven at trial, in excess of $2,000,000.00.

**SIXTH CAUSE OF ACTION**
**MALICIOUS PROSECUTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation Of Fourth And Fourteenth Amendment Right**
**(By WHALEN, Against Defendants GREGORY, DARE, BATTISTI and**
**DOES 1 through 6, inclusive)**

75.     Plaintiffs hereby reallege and incorporates by reference the allegations set forth in paragraphs 1 through 74, inclusive, above, as if set forth in full herein.

76.     As shown above, GREGORY, DARE and DOES 1 through 6, inclusive falsely arrested plaintiff WHALEN.

77.     Also as shown above, GREGORY, DARE, and DOES 1 through 6, inclusive, knew that plaintiff WHALEN had not committed any crimes, and, nonetheless, authored bogus police reports, and accused plaintiff WHALEN of various acts to show that plaintiff had committed a crime.

78.     Said police reports by GREGORY, DARE and DOES 1 through 6,

inclusive, also contained material misrepresentations of facts and material omission of facts upon which the San Bernardino County District Attorney's Office relied, in large part, in deciding to file and to maintain the criminal prosecution of the plaintiff WHALEN.

79.     Moreover, said criminal action against WHALEN was terminated in her favor, in a manner inconsistent with guilt.

80.     Moreover, as shown above, none of said defendant deputies had probable cause to believe that WHALEN committed a crime.

81.     Moreover, said criminal action was procured by said defendants with malice.

82.     Moreover, as California does not provide for any remedy for an aggrieved malicious prosecution victim to sue a public employee for the filing and/or procurement of a bogus criminal action, pursuant to *Parratt v. Taylor*, 451 U.S. 527 (1981), the actions of said defendants constituted a violation of the Fourth, Ninth and Fourteenth Amendments to the United States Constitution.

83.     As a direct and proximate result of the actions of defendants GREGORY, DARE, and DOES 1 through 6, inclusive, as complained of herein, Plaintiff WHALEN: 1) was substantially physically, mentally and emotionally injured, 2) incurred medical and psychological costs, bills and expenses, 3) lost the use and possession of his real and personal property and 4) incurred other special

COMPLAINT FOR DAMAGES

and general damages and expenses, including attorney's fees and associated costs;

all in an amount to be proven at trial which is in excess of $3,000.000.00.

84.     The actions of defendants GREGORY, DARE, and DOES 1 through

6, inclusive, as complained of herein, were committed maliciously, oppressively

and/or in reckless disregard of plaintiff's constitutional rights, sufficient for an

award of punitive exemplary damages against all defendants, save for defendant

COUNTY, in an amount to be proven at trial which is in excess of $2,000,000.00.

### SEVENTH CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
### FEDERAL *MONELL*[2] CLAIM FOR FAILURE TO PROPERTY TRAIN
### AND FOR FAILURE TO PROPERLY HIRE / FIRE / DISCIPLINE
### (By WHALEN and BLISS, Against Defendants COUNTY)

85.     Plaintiffs hereby reallege and incorporates by reference the

allegations set forth in paragraphs 1 through 84, inclusive, above, as if set forth in

full herein.

86.     As complained of herein above, the acts of Defendants GREGORY,

DARE, BATTISTI, MAMON and DOES 1 through 6, deprived plaintiffs of their

rights under the laws of the United States and the United States Constitution.

87.     The training policies of COUNTY were not adequate to train its

peace officer employees to properly and lawfully handle situations similar to the

---

[2] *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978).

COMPLAINT FOR DAMAGES

one they were presented with when they confronted plaintiff, including training on

when they are permitted to detain persons.

88.    Also, the San Bernardino County Sheriff's Department has for many

years now unlawfully detained / arrested persons as well as subjected persons to

various constitutional violations[3].

89.    Accordingly, these illegal, tortious, felonious and simply cruel

longstanding custom and practices of COUNTY were a proximate cause of the

actions of false arrest / unlawful detention against Plaintiff.

---

[3] See, Morgan v. County of San Bernardino, U.S. Dist. Court, Cent. Dist. of Cal. (Claim for, *inter alia*, false arrest;) Darr v. County of San Bernardino, U.S. Dist. Court Cent. Dist. of Cal. (Claims for, *inter alia*, retaliation for exercising constitutionally protected conduct;) Austin v. County of San Bernardino, U.S. District Court, Central District of California (Claim for, *inter alia*, false arrest;) Lopez v. County of San Bernardino, U.S. Dist. Court Cent. Dist. of Cal. (Claim for, *inter alia*, unreasonable seizure;) Calderon v. County of San Bernardino, U.S. Dist. Court, Central Dist. of Cal. (Claim for, *inter alia*, false arrest;) Ford v. County of San Bernardino, (Claim for, *inter alia*, unreasonable seizure;) Diaz v. County of San Bernardino, et al. , United States District Court (Claim for, *inter alia*, unreasonable seizure;) Grasso v. County of San Bernardino, et al. (Claim for, *inter alia*, unreasonable seizure;) Aubry v. County of San Bernardino, et al, U.S. Dist. Court  (Claim for, *inter alia*, unreasonable seizure;) Trent v. County of San Bernardino, U.S. District Court (Claim for, *inter alia*, unreasonable seizure;) Jones v. County of San Bernardino, U.S. District Court (Claim for, *inter alia*, unreasonable seizure;) Scott v. County of San Bernardino, U.S. District Court (Claim for, inter alia, unreasonable seizure;) Hines v. County of San Bernardino, U.S. Dist. Court, Cent. Dist. of Cal. (Claim for, *inter alia*, false arrest;) Salinas v. County of San Bernardino, U.S. Dist. Court, Cent. Dist. of Cal. (Claim for, *inter alia*, false arrest;) Archibald v. County of San Bernardino, U.S. Dist. Court, Cent. Dist. of Cal. (Claim for, *inter alia*, unreasonable seizure;)

COMPLAINT FOR DAMAGES

20

90.     Also, COUNTY was deliberately indifferent to the obvious consequences of its failure to train its peace officer employees adequately.

91.     The failure of COUNTY to provide adequate training was also a proximate cause of the deprivation of Plaintiffs rights by Defendants GREGORY, DARE, BATTISTI, MAMON and DOES 1 through 6, inclusive.

92.     COUNTY's failure to train and its customs and practices are so closely related to the deprivation of plaintiffs' rights as to be the moving force that ultimately caused plaintiffs' injuries.

93.     As a direct and proximate result of the actions of Defendants GREGORY, DARE, BATTISTI, MAMON and DOES 1 through 6, inclusive, and each of them, as complained of herein, Plaintiffs: 1) were substantially physically, mentally and emotionally injured; 2) and incurred other special and general damages, including attorney's fees, investigator fees and associated litigation costs and expenses; all in an amount to be proven at trial in excess of $3,000,000.00.

**EIGHTH CAUSE OF ACTION**
**[VIOLATION OF 42 U.S.C. § 1983]**
**Claim Against Local Governing Body Defendants Based On**
**Official Policy, Practice, Or Custom**
**(By WHALEN and BLISS, Against Defendant COUNTY)**

94.     Plaintiffs hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 93 inclusive, above, as if set forth in full herein.

COMPLAINT FOR DAMAGES
21

95.     As shown above, the actions of Defendants GREGORY, DARE, BATTISTI, MAMON and DOES 1 through 6, inclusive, deprived the plaintiffs of their particular rights under the United States Constitution, as described above.

96.     At all times complained of herein, Defendants GREGORY, DARE, BATTISTI, MAMON and DOES 1 through 6, inclusive, were acting pursuant to the policies, customs, usages and practices of the San Bernardino County Sheriff's Department / defendant COUNTY:  1) arresting persons without probable cause; 2) using excessive force upon persons; 3) retaliating against persons for exercising constitutionally protected conduct; 4) unlawfully entering and searching residential homes; and 5) for covering-up unlawful and tortious conduct by San Bernardino County Sheriff's Department personnel and were a proximate cause of the very same federal constitutional violations complained of by the plaintiffs in this action.

97.     Said actions of said defendants were done by them under the color of state law.

98.     As a proximate result of said defendants acting pursuant to said policies, customs, usages and practices of defendants COUNTY, above-described, said defendants committed said actions complained of above.

99.     As a direct and proximate result of the actions of Defendant COUNTY, as complained of herein, plaintiffs: 1) were substantially physically, mentally and emotionally injured, and great physical, mental and emotional pain, suffering and distress; 2) incurred medical and psychological costs, bills and

COMPLAINT FOR DAMAGES

expenses, 3) incurred expenses to repair damaged property; 4) incurred lost profits and wages, and 5) incurred other special and general damages and expenses in an amount to be proven at trial, which is in excess of $3,000,000.00

**WHEREFORE**, plaintiff prays for judgment as follows:

a) For a judgment against all defendants for compensatory damages in an amount in excess of $3,000,000.00;

b) For a judgment against all defendants, save defendant COUNTY, for punitive damages in an amount in excess of $2,000,000.00;

c) For an award of reasonable attorney's fees and costs;

d) For a trial by jury; and

e) For such other and further relief as this honorable court deems just and equitable.

_/S/ Gregory Peacock_____
GREGORY PEACOCK

COMPLAINT FOR DAMAGES

23